IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02729-BNB

TIMOTHY HATTEN,

    Plaintiff,

v.

ISAAC FREEBORN,
MARNE BOYLE,
A. MERRITT,
B. GREENWOOD,
J.P. YOUNG,
MICHAEL NALLEY,
HARRELL WATTS,
RUSSELL DeGROOTE,
DR. JOHN DOE,
B. CINK,
E. REICHERT,
KEN EVERHART, and
GREGORY KIZZIAH,

    Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff, Timothy Hatten, is a prisoner in the custody of the Bureau of Prisons and is currently incarcerated at the Federal Correctional Institution in Oakdale, Louisiana. Mr. Hatten filed a *pro se* Amended Prisoner Complaint pursuant to ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971), asserting that his rights under the United States Constitution have been violated. Mr. Hatten has been granted leave to proceed *in forma pauperis*.

On January 26, 2010, Magistrate Judge Boyd N. Boland determined that the Amended Complaint was deficient because it failed to comply with the pleading requirements of Federal Rule of Civil Procedure 8 and failed to allege the personal participation of all named Defendants. Magistrate Judge Boland therefore ordered Mr. Hatten to file a Second Amended Prisoner Complaint. Mr. Hatten submitted a Second Amended Prisoner Complaint on February 18, 2010.

The Court must construe the second amended complaint liberally because Mr. Hatten is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the second amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2 at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.* For the reasons set forth below, the second amended complaint will be dismissed in part.

Mr. Hatten asserts four claims in the second amended prisoner complaint. First, he alleges that, after defendant Dr. John Doe performed surgery on Mr. Hatten's hand on October 24, 2007, Mr. Hatten experienced damage to the nerves in his sinuses, allegedly due to a chemical used during surgery. Second Amended Complaint at 7. Mr. Hatten asserts that, when he was incarcerated at the United States Penitentiary (USP) in Florence, Colorado, defendants Reichert, Cink, Greenwood, Merritt, Boyle, and Freeborn were deliberately indifferent to his serious medical needs stemming from

the surgery. *Id.* at 7-10. Second, Mr. Hatten alleges that, in March 2009, he had surgery to repair a hole in his right eardrum. *Id.* at 11. Mr. Hatten asserts that he experienced persistent complications and infections following the surgery, resulting in the total loss of hearing in his right ear. *Id.* at 12. He alleges that defendants Freeborn, Boyle, and Merrit were deliberately indifferent to his serious medical needs by delaying or denying his access to medical care. *Id.* Third, Mr. Hatten alleges that, in October 2008, Defendant DeGroote performed a second surgery on Mr. Hatten's hand to straighten one of his fingers. *Id.* at 13. Mr. Hatten alleges that defendant DeGroote failed to correct the disfigurement to his finger and that defendants Cink, Reichert, Greenwood, and Freeborn were deliberately indifferent to his serious medical needs stemming from the surgery. *Id.* at 13-16. Fourth, Mr. Hatten asserts that defendants Freeborn, Young, Everhart, Boyle, and Kizziah have violated his right to confidentiality and privacy by sharing confidential medical information with other prison officers without Mr. Hatten's consent. *Id.* at 16. Mr. Hatten seeks damages and injunctive relief.

Mr. Hatten is suing defendants Michael Nalley and Harrell Watts because these defendants are allegedly responsible for the constitutional violations committed by other individuals and because they denied administrative grievances filed by Mr. Hatten. These allegations fail to establish the personal participation of defendants Nalley and Watts. Mr. Hatten was previously warned by Magistrate Judge Boland that personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or

direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

The Tenth Circuit Court of Appeals, moreover, has repeatedly noted that "the denial of . . . grievances alone is insufficient to establish personal participation in the alleged constitutional violations" of other defendants. *Whitington v. Ortiz*, 307 F. Appx. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished decision) (quoting **Larson v. Meek**, 240 F. Appx. 777, 780 (10th Cir. June 14, 2007) (unpublished decision)). Mr. Hatten has failed to allege an affirmative link between the alleged constitutional violations and these defendants. Because Mr. Hatten fails to assert that defendants Nalley and Watts personally participated in violating his constitutional rights, defendants Micheal Nalley and Harrell Watts are improper parties to the action and will be dismissed.

The Court will not address at this time the merits of Mr. Hatten's Eighth Amendment claims against the remaining defendants. Instead, this action will be drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that defendants Micheal Nalley and Harrell Watts are dismissed as parties to this action. It is

FURTHER ORDERED that the Clerk of the Court remove the names of Michael Nalley and Harrell Watts as parties to this action. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 17th day of March, 2010.

BY THE COURT:


s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02729-BNB

Timothy Hatten
Reg No. 27993-004
FCI - Oakdale
P.O. Box 5000
Oakdale, LA 71463

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 3/17/10

GREGORY C. LANGHAM, CLERK

By: _____
  Deputy Clerk