IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02729-CMA-MJW

TIMOTHY HATTEN,

Plaintiff,

v.

ISAAC FREEBORN, et al.,

Defendant.

## RECOMMENDATION ON
## PLAINTIFF'S PETITION TO AMEND SECOND PETITION (Docket No. 22)

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter is before this court pursuant to an Order Referring Case to Magistrate Judge Michael J. Watanabe issued by Judge Christine M. Arguello on March 29, 2010. (Docket No. 20).

Before the court for a report and recommendation is the pro se incarcerated plaintiff's Petition to Amend Second Petition (Docket No. 22). In that motion, plaintiff seeks to add one claim and two new defendants to his Second Amended Complaint (Docket No. 13).

In the Second Amended Complaint (Docket No. 13), plaintiff raises claims of deliberate indifference to his serious medical needs concerning his medical treatment in 2007 at USP Pollock, Louisiana, in 2008-2009 at USP Florence, Colorado, and right after his transfer to USP Oakdale, Louisiana. Such claims concern purported damage

to his sinuses during hand surgery, alleged complications from subsequent ear surgery, disfigurement from another hand surgery, and his alleged denial of access to an ENT specialist. He also complains that prison personnel at FCI Oakdale have violated his right to confidentiality and privacy by sharing confidential medical information with other prison officers without his consent. In his proposed amendment/supplement, plaintiff seeks to add one claim against two defendants from Oakdale, Louisiana, regarding alleged retaliation by prison personnel for filing a grievance and alleged deliberate indifference to his medical needs. The acts complained of purportedly took place in March 2010 and concern the alleged denial of "psychotrophic mental medication."

Rule 15(d) of the Federal Rules of Civil Procedure "provides that a court may permit a party to serve a supplemental pleading setting forth transactions, occurrences, or events that have happened since the date of the pleading sought to be supplemented. Motions to supplement are addressed to the sound discretion of the court." Gillihan v. Shillinger, 872 F.2d 935, 941 (10th Cir. 1989). "The court should apply the same standard for exercising its discretion under Rule 15(d) as it does for deciding a motion under Rule 15(a). . . . While Fed. R. Civ. P. 15(a) requires that leave to amend be freely given, that requirement does not apply where an amendment obviously would be futile." Southwest Nurseries, LLC v. Florists Mut. Ins., Inc., 266 F. Supp.2d 1253, 1256 (D. Colo. 2003).

This court recommends that the plaintiff not be permitted to supplement his Second Amended Complaint to include this additional claim and the two additional Louisiana defendants. While this new claim also in part concerns plaintiff's medical care, it does not have any relationship to the medical claims made in the operative

pleading. Plaintiff should not be permitted to add every perceived wrong allegedly committed during the course of this proceeding, especially claims that allegedly occurred outside of this District and State. See McDonald v. Miller, 2009 WL 1163388 (W.D. Okla. Apr. 29, 2009) (Claims in motion to supplement bore no relationship to claim in the original complaint and involved different parties, different circumstances, and a different prison.); Harris v. Morton, 2007 WL 2365994 (N.D.N.Y. Aug. 16, 2007) (Claims in proposed supplemental complaint arose out of an entirely separate incident, involving different correctional officials from a different correctional facility, and thus the pleading is not a proper supplemental complaint. No link aside from the fact that both pleadings concern car accidents). See also Williams v. Adams, 2007 WL 1595457 (E.D. Cal. June 1, 2007) ("Although [Fed. R. Civ. P.] 15(d) provides for the supplementation of pleadings to set 'forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented,' in light of section 1997e(a), plaintiff may not use Rule 15(d) to add new claims that arose after this suit was filed. . . . Allowing plaintiff to supplement to add the claims he seeks to add would allow plaintiff to thwart the mandate of section 1997e(a), which requires that claim exhaustion occur prior to filing suit and not during the pendency of the suit."); Price v. Caruso, 2007 WL 2914232 (W.D. Mich. Oct. 3, 2007) (same).

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the Plaintiff's Petition to Amend Second Petition (Docket No. 22) be **denied**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2),**

**the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: April 1, 2010  
      Denver, Colorado

s/ Michael J. Watanabe  
Michael J. Watanabe  
United States Magistrate Judge