IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 09-cv-02729-CMA-MJW

TIMOTHY HATTEN,

    Plaintiff,

v.

ISAAC FREEBORN,
MARNE BOYLE,
A. MERRITT,
B. GREENWOOD,
J.P. YOUNG,
RUSSELL DeGROOTE,
DR. JOHN DOE,
B. CINK,
E. REICHERT,
KEN EVERHART, and
GREGORY KIZZIAH,

    Defendants.

## ORDER

This matter comes before the Court on Plaintiff's motion for reconsideration[1] (Doc. # 29) and Plaintiff's motion to amend his complaint,[2] (Doc. # 22), which was referred to Magistrate Judge Watanabe.

### I.  STANDARD OF REVIEW

Plaintiff is proceeding *pro se*. The Court must construe *pro se* filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106,

---

[1] The Court uses the generic "motion for reconsideration" in lieu of Plaintiff's windy title: "Plaintiff's Petition Moves For Reconsideration The Erroneous Ordered To Dismiss In Part Plaintiff Civil Action."

[2] Plaintiff titled this motion "Plaintiff's Petition to Amend Second Petition."

1110 (10th Cir. 1991). The Court, however, should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110)). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *See Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir.1994).

## II. ANALYSIS

### A. MOTION FOR RECONSIDERATION

As to his motion for reconsideration, (Doc. # 29), Plaintiff seeks to rescind Judge Brimmer's Order dismissing Defendants Michael Nalley and Harrell Watts. (Doc. # 17 at 3-4.) These Defendants were dismissed because Plaintiff did not allege their personal participation in the alleged Eighth Amendment violations, as required to state a claim under 42 U.S.C. § 1983. *See Foote v. Spiegel*, 118 F.3d 1416, 1423-24 (10th Cir. 1997).

Although Plaintiff cites no rule in support of his motion, the Court, heeding its obligations under *Hainers v. Kerner*,[3] construes Plaintiff's motion for reconsideration as as one seeking relief under Fed. R. Civ .P. 60(b). *See Hatfield v. Board of County Com'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995). Rule 60(b) provides in part that:

> the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:

---

[3] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

| | 1) | mistake, inadvertence, surprise, or excusable neglect; |
|---|---|---|
| | (2) | newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); |
| | (3) | fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; |
| | (4) | the judgment is void; |
| | (5) | the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or |
| | (6) | any other reason that justifies relief. |

Fed. R. Civ. P. 60(b).

In this motion, Plaintiff asserts that he has "clearly evinced" these Defendants' personal participation in the alleged violations. (Doc. # 29 at 3.) He attaches two exhibits in support, both of which show these Defendants played a role in denying Plaintiff's administrative grievances. (Doc. # 29 at 8-13.) However, as Judge Brimmer's Order makes clear, "denial of . . . grievances alone is insufficient to establish personal participation . . . " (Doc. # 17 at 4) (quoting *Whitington v. Ortiz*, 307 F. App'x 179, 193 (10th Cir. January 13, 2009) (unpublished). Excluding these exhibits, Plaintiff has neither alleged nor provided any evidence suggesting that these Defendants personally participated in the alleged Eighth Amendment violations. (*See* Doc. # 29.)

Accordingly, because the Court agrees with Judge Brimmer's Order and because Plaintiff has provided no grounds upon which to rescind that Order, the Court will deny Plaintiff's motion for reconsideration. (Doc. # 29.)

**B. MOTION TO AMEND COMPLAINT**

In his motion to amend, (Doc. # 22), Plaintiff seeks to add one claim involving two new defendants to his Second Amended Prisoner Complaint. (Doc. # 13.) The Court referred this motion to Magistrate Judge Watanabe, who recommended denying

it.  (Doc. ## 20, 26.)

The standard by which the Court reviews a magistrate judge's ruling depends on whether the magistrate judge's ruling addresses a dispositive or non-dispositive matter. *See* Fed. R. Civ. P. 72.  When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  In contrast, when considering objections to non-dispositive rulings by a magistrate judge, the Court must adopt the magistrate judge's rulings unless it finds that the rulings are "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997).

Here, the Court is considering Plaintiff's motion to amend his complaint.  Motions to amend are widely considered non-dispositive motions because they are pretrial matters not dispositive of a claim or defense of a party within the purview of Fed. R. Civ. P. 72(a).  *Grabau v. Target Corp.*, No. 06-cv-01308, 2008 WL 179442, * 5 (D. Colo. January 17,  2008) (unpublished) (citing *Pagano v. Frank*, 983 F.2d 343, 346 (1st Cir. 1993));  *see also, e.g., Doe v. Nevada Crossing, Inc.*, 920 F.Supp. 164, 165-66 (D. Utah. 1996).  However, the courts in this district are split as to whether certain motions to amend are dispositive.  *See Chavez v. Hatterman*, No. 06-cv-02525, 2009 WL 82496, *1 (D. Colo. January 13, 2009) (unpublished) (citing cases).

4

In particular, Plaintiff seeks to add one claim against two defendants from Oakdale, Louisiana, regarding alleged retaliation by prison personnel for filing a grievance and alleged deliberate indifference to his medical needs. The acts complained of purportedly took place in March 2010 and concern the alleged denial of "psychotrophic [*sic*] mental medication." (Doc. # 22-1.)

Magistrate Judge Watanabe properly considered Fed. R. Civ. P. 15(d), which addresses supplemental pleadings, and recommended that Plaintiff not be permitted to supplement his Second Amended Complaint because this new claim – while also in part concerning Plaintiff's medical care – bears no relationship to the medical claims alleged in the operative pleading. (Doc. # 26 at 2-3.)

Plaintiff objects to this recommendation, arguing that it "is meritless and doesn't have any legal standing of law to support [Magistrate Judge Watanabe's] conclusion." (Doc. # 32 at 2.) He adds that Judge Watanbe's analysis is "deceitful" and "totally untrue." Seeking to clarify "the truth of the matter," Plaintiff asserts that "the circumstances and the surrounding facts in relationship to Dr. Isaac Freeborn, erroneously discontinuing Plaintiff's 'Psychotrophic [*sic*] Mental Medication' are in fact related to the civil action pending before [this Court] for ruling." (Doc. # 32 at 3-4.)

These are conclusory allegations, the kind of objection courts at times deem insufficient to preserve an otherwise required *de novo* review. *See Frazier v. Ortiz*, No. 07-cv-02131, 2010 WL 924254, *5 (D. Colo. March 10, 2010) (citing *Manigaulte v. C.W. Post of Long Island University*, 659 F. Supp. 2d 367, 372 (E. D. N. Y. 2009)). Nevertheless, because Plaintiff is *pro se* and given the uncertainty regarding the standard of review for motions to amend, the Court assumes Plaintiff's motion is

5

dispositive.  Accordingly, it has conducted a *de novo* review of the issues, the recommendation, and Plaintiff's objections.  Based on this review, the Court concludes that Magistrate Judge Watanabe's analysis is correct and will thus adopt his recommendation.  Plaintiff will not be permitted to amend his complaint to add this new claim and new parties.

## III.  CONCLUSION

For the following reasons, the Court DENIES Plaintiff's motion for reconsideration.  (Doc. # 29.)  In light of that denial, the Court DENIES as moot Plaintiff's motion for order (Doc. # 34).  The Court also ACCEPTS Magistrate Judge Watanabe's recommendation and DENIES Plaintiff's motion to amend his amended complaint.  (Doc # 22).

DATED:  April 26, 2010.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge