IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02729-CMA-MJW

TIMOTHY HATTEN,

Plaintiff,

v.

ISAAC FREEBORN,
MARNE BOYLE,
A. MERRITT,
B. CINK,
B. GREENWOOD,
E. REICHERT,
J.P. YOUNG,
RUSSELL DE GROOTE,
DR. JOHN DOE,
KEN EVERHART, and
GREGORY KIZZIAH,

Defendants.

---

### RECOMMENDATION ON
### DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2) AND FED. R. CIV. P. 12(b)(6) (Docket No. 67)
### and
### MOTION FOR SUMMARY JUDGMENT FOR DEFENDANTS CINK AND REICHERT (Docket No. 71)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter is before this court pursuant to an Order Referring Case to

Magistrate Judge Michael J. Watanabe issued by Judge Christine M. Arguello on

March 29, 2010. (Docket No. 20).

Before the court for a report and recommendation are the following two motions:

2

(1) Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and Fed. R. Civ. P. 12(b)(6) (Docket No. 67), which was filed by defendants Freeborn, Boyle, Merritt, Young, Cink, Reichert, Everhart, and Kizziah,[1] and (2) a Motion for Summary Judgment for Defendants Cink and Reichert (Docket No. 71). Plaintiff then filed "Petition of Notice to the Court" (Docket No. 69),[2] and the moving defendants filed a reply in support of the motion to dismiss (Docket No. 70). Plaintiff has not filed a response to the summary judgment motion. The court has considered the motion papers, the plaintiff's "Notice," and the reply, as well as applicable Federal Rules of Civil Procedure and case law. In addition, the court has taken judicial notice of the court's file. The court now being fully informed makes the following findings, conclusions, and recommendations.

The operative pleading is the Second Amended Complaint (Docket No. 13), in which the plaintiff raises claims of deliberate indifference to his serious medical needs

---

[1]Defendants Greenwood (identified by the plaintiff as the HSA with the BOP in Florence, Colorado) and DeGroote (identified by the plaintiff as a medical doctor with the BOP in Florence, Colorado) (see Docket No. 13 at 4) have not been served.

The U.S. Marshal Service reported on the Process Receipt and Return for defendant DeGroote that "[o]ffice in Pueblo is closed. Residence in Pueblo is empty. Not a BOP Employee. Unable to locate." (Docket No. 37). Plaintiff has not provided the court with a current address for defendant DeGroote. The U.S. Marshal Service reported on the form for defendant Greenwood, "Forward to FL. Currently working at FCC Coleman in FL." (Docket No. 38).

[2]Plaintiff's "Petition of Notice to the Court" (Docket No. 69) was docketed as a response to the motion to dismiss. Plaintiff, however, subsequently filed a "Notice to the Court" (Docket No. 75) in which he disagrees with such characterization of Docket No. 69. Plaintiff states that "the sole purpose of [Docket No. 69] was only to bring before the Honorable Judge Christine M. Arguello, attention that Plaintiff was suing the Defendants in both their official and Individual capacity. Thus, the Notice was not attended [sic] to be a Response or to address any issue(s) the Defendants Attorneys raised in the Motion to Dismiss . . . ." (Docket No. 75).

concerning his medical treatment in 2007 at USP Pollock, Louisiana, in 2008-2009 at USP Florence, Colorado, and right after his transfer to USP Oakdale, Louisiana. Such claims concern purported damage to his sinuses during hand surgery, complications from subsequent ear surgery, disfigurement from another hand surgery, and denial of access to an ENT specialist. He also complains that prison personnel at FCI Oakdale have violated his right to confidentiality and privacy by sharing confidential medical information with other prison officers without his consent.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead 'enough facts to state a claim to relief that is plausible on its face.'" Cutter v. RailAmerica, Inc., 2008 WL 163016, *2 (D. Colo. Jan. 15, 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp., 550 U.S. at 545 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to

plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Bell Atlantic Corp., 127 S. Ct. at 1974).

Rule 56(c)(2) provides that summary judgment shall be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). "A party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, interrogatories, and admissions on file together with affidavits, if any, which it believes demonstrate the absence of genuine issues for trial." Robertson v. Board of County Comm'rs of the County of Morgan, 78 F. Supp.2d 1142, 1146 (D. Colo. 1999) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Mares v. ConAgra Poultry Co., 971 F.2d 492, 494 (10th Cir. 1992)). "Once a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in the complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried. . . . These facts may be shown 'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings by themselves.'" Southway v. Central Bank of Nigeria, 149 F. Supp.2d 1268, 1273 (D. Colo. 2001), aff'd, 328 F.3d 1267 (10th Cir. 2003).

"Summary judgment is also appropriate when the court concludes that no

reasonable juror could find for the non-moving party based on the evidence presented in the motion and response." Id. "The operative inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict. . . . Unsupported allegations without 'any significant probative evidence tending to support the complaint' are insufficient . . . as are conclusory assertions that factual disputes exist." Id.; Robertson, 78 F. Supp.2d at 1146 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); quoting White v. York Int'l Corp., 45 F.3d 357, 360 (10th Cir. 1995)). "Evidence presented must be based on more than 'mere speculation, conjecture, or surmise' to defeat a motion for summary judgment." Southway, 149 F. Supp.2d at 1274. "Summary judgment should not enter if, viewing the evidence in a light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor, a reasonable jury could return a verdict for that party." Id. at 1273.

Since the plaintiff is proceeding without counsel, his pleading has been construed liberally and held to a less stringent standard than formal documents drafted by lawyers. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Therefore, "if the court can reasonably read the pleadings to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. . . . At the same time, . . . it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." Id.

6

## **LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2)**

Defendants Freeborn,[3] Boyle,[4] Merritt,[5] Young,[6] Everhart,[7] and Kizziah[8] assert that the court lacks personal jurisdiction over them. They contend that the Second Amended Complaint does not make any factual allegations that would allow the court to conclude that they have sufficient minimum contacts with Colorado to satisfy the Due Process Clause or that personal jurisdiction is reasonable in light of the circumstances alleged. More specifically, these defendants assert the following. Plaintiff does not allege in the Second Amended Complaint that any of them are residents of Colorado. To the contrary, he identifies each of their addresses as Oakdale, Louisiana. (Docket No. 13 at 3-5). Furthermore, all of the allegations pertaining to them are related to activity that purportedly took place at FCI Oakdale, in Louisiana. Therefore, plaintiff alleges no facts plausibly showing that they purposely availed themselves of the privilege of conducting activities in Colorado, nor does the Second Amended Complaint

---

[3]Plaintiff identifies defendant Freeborn as a medical doctor with the BOP in Oakdale, Louisiana. (Docket No. 13 at 3).

[4]Plaintiff identifies defendant Boyles as the "Associate Warden, Medical" for the BOP in Oakdale, Louisiana. (Docket No. 13 at 3).

[5]Plaintiff identifies defendant Merritt as "HSA, [BOP] . . . Oakdale, Louisiana." (Docket No. 13 at 3).

[6]Plaintiff identifies defendant Young as the Warden with the BOP in Oakdale, Louisiana. (Docket No. 13 at 4).

[7]Plaintiff identifies defendant Everhart as "A.W. Security" with the BOP in Oakdale, Louisiana. (Docket No. 13 at 5).

[8]Plaintiff identifies defendant Dodant Kizziah as a captain with the BOP in Oakdale, Louisiana. (Docket No. 13 at 5).

7

contain any allegations that any of them has had any meaningful contacts with this District. The court notes that defendant John Doe is also identified by the plaintiff as being a medical doctor in Louisiana. (Docket No. 13 at 5).

"Jurisdiction to resolve cases on the merits requires . . . authority over the parties (personal jurisdiction), so that the court's decision will bind them." Gadlin v. Sybron Int'l Corp., 222 F.3d 797, 799 (10th Cir.2000) (quoting Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577 (1999)). "In determining whether a federal court has personal jurisdiction over a defendant, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process." Trujillo v. Williams, 465 F.3d 1210, 1217 (10th Cir. 2006) (internal quotation marks and citation omitted).

The plaintiff bears the burden of establishing personal jurisdiction over defendants. See Dudnikov v. Chalk & Vermilion Fine Arts, Inc., 514 F.3d 1063, 1069 (10th Cir. 2008) (citation omitted). "Where . . . there has been no evidentiary hearing, and the motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written material, the plaintiff need only make a prima facie showing that jurisdiction exists." Wenz v. Memery Crystal, 55 F.3d 1503, 1505 (10th Cir. 1995) (citations omitted).

The Tenth Circuit has "carefully and succinctly la[id] out the well-established constitutional analysis for personal jurisdiction." Benton v. Cameco Corp., 375 F.3d 1070, 1075 (10th Cir.2004).

> The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts ties, or relations. . . . Therefore, a

8

> court may exercise personal jurisdiction over a nonresident defendant only so long as there exist minimum contacts between the defendant and the forum state. . . .
>
> The "minimum contacts" standard may be met in two ways. First, a court may, consistent with due process, assert specific jurisdiction over a nonresident defendant if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities. . . . Where a court's exercise of jurisdiction does not directly arise from a defendant's forum-related activities, the court may nonetheless maintain general personal jurisdiction over the defendant based on the defendant's business contacts with the forum state. . .

OMI Holdings, Inc. v. Royal Ins. Co. of Canada, 149 F.3d 1086, 1090-91 (10th Cir. 1998) (internal quotation marks and citations omitted).

Here, plaintiff does not allege or demonstrate that defendants Freeborn, Boyle, Merritt, Young, Everhart, and Kizziah conducted any activities in Colorado or had any contact with him in Colorado. All of the events constituting the alleged unconstitutional conduct occurred in Louisiana. This court finds thus that the alleged activities of these defendants in Louisiana are not enough to support the exercise of personal jurisdiction over them in the District of Colorado. They could not reasonably anticipate being brought into court in Colorado based on their carrying out their duties for the BOP in Louisiana. The court thus lacks personal jurisdiction over defendants Freeborn, Boyle, Merrit, Young, Everhart, and Kizziah, and plaintiff's claims against them are properly dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

**PUBLIC HEALTH SERVICE OFFICERS**

Defendants Cink and Reichert correctly assert in their summary judgment motion

(Docket No. 71) that pursuant to § 42 U.S.C. § 233(a),[9] as officers of the Public Health Services, they may not be sued in this Bivens action in their individual capacity for constitutional violations arising out of the performance of their official duties. Hui v. Castaneda, 130 S.Ct. 1845, 1848 (2010). Defendants Cink and Reichert have provided Declarations in which they attest that at the time giving rise to the allegations in the Complaint, they were commissioned officers of the Public Health Service assigned to USP - High Security, in Florence, Colorado. (Docket Nos. 71-1 and 71-2). Defendant Cink was a Physician's Assistant-Advanced. (Docket No. 71-1 at 3, ¶ 1). Defendant Reichert was an Advanced Practice Nurse II. (Docket No. 71-2 at 2, ¶ 1). Both defendants attest that at all times relevant to this case, all of their interactions with plaintiff and actions regarding plaintiff were in the performance of a medical or related function within the course and scope of their employment. (Docket Nos. 71-1 at 3, ¶ 2, 71-2 at 3, ¶ 2). Plaintiff has not controverted these declarations. Therefore, plaintiff

---

[9] Section 233(a) states:

(a) Exclusiveness of remedy

The remedy against the United States provided by sections 1346(b) and 2672 of Title 28, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under section 1346(b) of Title 28, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

42 U.S.C. § 233(a).

cannot bring a Bivens action against defendants Cink and Reichert in their individual capacity. Based upon this finding and the finding below concerning the official capacity claims, it is unnecessary to address the arguments raised in the motion to dismiss that plaintiff does not state a plausible claim to relief against these two defendants and that they are entitled to qualified immunity. (Docket No. 67 at 8-14).

**OFFICIAL CAPACITY CLAIMS**

In the Second Amended Complaint, plaintiff seeks $1,000,000 from each defendant in their official and individual capacity. (Docket No. 13 at 18). In "Plaintiff's Notice To The Court," plaintiff states that his previous "Notice" was "only to bring before the Honorable Judge Christine M. Arguello, attention that Plaintiff was suing the Defendants in both their official and Individual Capacity." (Docket No. 75 at 1). Defendants, however, correctly asserted in their Reply that even assuming plaintiff has brought official-capacity claims, those claims for damages should be dismissed.

Sovereign immunity bars plaintiff's official capacity claims against them for damages. Such claims are construed as claims against the United States. Atkinson v. O'Neill, 867 F.2d 589, 590 (10th Cir. 1989). The United States is a sovereign and, as such, is immune from suit without its prior consent. United States v. Shaw, 309 U.S. 495, 500-01 (1940); Amoco Oil Co. v. United States E.P.A., 959 F. Supp. 1318, 1320 (D. Colo. 1990). The United States is not subject to suit absent an express statutory waiver of its sovereign immunity. See Atkinson, 867 F.2d at 590. The plaintiff here has not made a showing that the United States has waived its sovereign immunity by consenting to being sued. Therefore, it is recommended that the plaintiff's claims for damages against defendants in their

11

official capacities be dismissed with prejudice. See Hatten v. White, 275 F.3d 1208, 1210 (10th Cir. 2002) ("A *Bivens* action may not be brought against federal agencies or agents acting in their official capacities.").

**CLAIM FOR INJUNCTIVE RELIEF**

In the Second Amended Complaint, plaintiff also seeks injunctive relief. He states in his Request for Relief that he "moves this court to issue and ORDERED that Plaintiff is to received the following: Claims One and Two Medical Treatment and to be seen and examine by an ENT Specialist. for Plaintiff Olfactometer and the loss of hearing in Plaintiff Right Eardrum. For claim Three Plaintiff request the Court to Ordered medical Treatment by an Orthopedic for Plaintiff deformitie left fifth finger." (Docket No. 13 at 18). Plaintiff, however, is now housed in USP Lewisburg in Pennsylvania, where none of the named defendants are employed by the BOP. Therefore, it is recommended that the plaintiff's claim for injunctive relief be dismissed. See Hatten v. Andert, 2010 WL 3341229, at *1 (D. Colo. Aug. 23, 2010) (plaintiff's request for protection from defendants employed at USP Florence was moot due to his transfer to Lewisburg, Pennsylvania); Hamlin v. Smith, 2010 WL 2740119, at *11 (D. Colo. July 12, 2010) (plaintiff's claim for injunctive relief moot based upon his transfer from the facility where the defendants were located) (citing Abdulhaseeb v. Calbone, 600 F.3d 1301, 1311 (10th Cir. 2010)).

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and Fed. R. Civ. P. 12(b)(6) (Docket No. 67), which was filed by

defendants Freeborn, Boyle, Merritt, Young, Cink, Reichert, Everhart, and Kizziah, be granted.

It is further **RECOMMENDED** that the Motion for Summary Judgment for Defendants Cink and Reichert (Docket No. 71) be granted.

It is further **RECOMMENDED** that the plaintiff be directed to show cause why the Second Amended Complaint should not be dismissed as against unserved defendants Greenwood and DeGroote pursuant to Fed. R. Civ. P. 4(m).[10]

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.**

---

[10]Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).

**Makin v. Colorado Dep't of Corrections**, 183 F.3d 1205, 1210 (10th Cir. 1999); **Talley v. Hesse**, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

Date:  January 3, 2011            s/ Michael J. Watanabe
      Denver, Colorado            Michael J. Watanabe
                                           United States Magistrate Judge