IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02729-CMA-MJW

TIMOTHY HATTEN,

Plaintiff,

v.

ISAAC FREEBORN,
MARNE BOYLE,
A. MERRITT,
B. CINK,
B. GREENWOOD,
E. REICHERT,
J.P. YOUNG,
RUSSELL DE GROOTE,
DR. JOHN DOE,
KEN EVERHART, and
GREGORY KIZZIAH,

Defendants.

---

**MINUTE ORDER**

---

**Entered by Magistrate Judge Michael J. Watanabe**

    It is hereby **ORDERED** that the Plaintiff's Motion For Reinstatement For
Appointment Of Counsel To File The Appropriate Objections To The Magistrate (R&R)
That Granted The Defendants Motion for Summary Judgment (Doc. #71) And Motion To
Dismiss Pursuant To Fed. R. Civ. P. 12(B0(2) And Fed. R. Civ. P. 12(b)(6), (Doc. #67)
**(Docket No. 81)** is **denied**.

    As this court stated in its Minute Order of April 29, 2010 (Docket No. 45),
appointment of counsel for an indigent inmate under 28 U.S.C. § 1915(d) is within the
sound discretion of the court.  See Bee v. Utah State Prison, 823 F.2d 397, 399 (10th
Cir. 1987).  When deciding whether to appoint counsel "the district court should
consider a variety of factors, including the merits of the litigant's claims, the nature of
the factual issues raised in the claims, the litigant's ability to present his claims, and the
complexity of the legal issues raised by the claims."  Long v. Shillinger, 927 F.2d 525,
527 (10th Cir. 1991).  Having considered the current record in this case, the court
finds that appointment of counsel is not warranted.  This court has recommended
that the pending motions to dismiss and for summary judgment be granted.  Based

2

upon plaintiff's prior submission, it appears plaintiff is able to present his case adequately, including filing any objections to this court's report and recommendation.  The legal issues are not so complex that appointment of counsel is warranted.

Date: January 25, 2011 _____