**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 09-cv-02729-CMA-MJW

TIMOTHY HATTEN,

    Plaintiff,
v.

ISAAC FREEBORN,
MARNE BOYLE,
A. MERRITT,
B. GREENWOOD,
J.P. YOUNG,
RUSSELL DeGROOTE,
DR. JOHN DOE,
B. CINK,
E. REICHERT,
KEN EVERHART, and
GREGORY KIZZIAH,

    Defendants.

---

**ORDER ADOPTING AND AFFIRMING JANUARY 3, 2011 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR THE COURT TO DIRECT SERVICE OF COMPLAINT ON DEFENDANTS**

---

The above-captioned civil action was referred to United States Magistrate Judge Michael J. Watanabe pursuant to 28 U.S.C. § 636. (Doc. # 20.) On January 3, 2011, the Magistrate Judge issued a Report and Recommendation, (Doc. # 78) recommending that (1) Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and Fed. R. Civ. P. 12(b)(6), which was filed by Defendants Freeborn, Boyle, Merritt, Young, Cink, Reichert, Everhart, and Kizziah, (Doc. # 67), be granted, and

(2) that Defendants' Motion for Summary Judgment for Defendants Cink and Reichert (Doc. # 71), also be granted. In addition, Magistrate Judge Watanabe recommended that the Court order Plaintiff to show good cause why the Second Amended Complaint (Doc. # 13, "Complaint") should not be dismissed as against unserved Defendants Greenwood and DeGroote, pursuant to Fed. R. Civ. P. 4(m). The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b).

## ANALYSIS

### A. PLAINTIFF'S FAILURE TO SERVE DEFENDANTS GREENWOOD AND DeGROOTE

On January 18, 2011, Plaintiff filed a motion for the Court to direct service of the complaint on Defendants Greenwood and DeGroote (Doc. # 79, "Motion to Direct Service").[1] This was an anticipatory response to Magistrate Judge Watanabe's recommendation that the Court order Plaintiff to show cause why the Complaint should not be dismissed as against unserved Defendants Greenwood and DeGroote. Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

---

[1] Plaintiff entitled the document "Plaintiff's Motion to Show Cause Pursuant to Fed. R. Civ. P. 4(m)." He requests the Court to ensure that "the [D]efendants Greenwood and DeGroote be properly served notice . . . ." (Doc. # 79 at 3.)

2

The Tenth Circuit has provided guidance on how to proceed under the rule. First, the court should determine "whether the plaintiff has shown good cause for the failure to timely effect service." *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). If so, the Court must grant an extension of time. If good cause is not shown, the Court "must still consider whether a permissive extension of time may be warranted. *Id.*

Inmates, like Plaintiff, who are proceeding *in forma pauperis*, are entitled to rely on the Clerk of the Court and/or the U.S. Marshal for service of the summons and the complaint. *See Hill v. Ortiz*, No. 07-cv-00571, 2008 WL 2020289, at *6 (D. Colo. May 9, 2008). Plaintiff's Complaint was filed on February 18, 2010. In the Complaint, Plaintiff provided the Post Office Box address of the Federal Bureau of Prisons in Florence, Colorado as the location where Defendants could be served by the U.S. Marshal Service. (Doc. # 13, Complaint at 4.) After unsuccessfully attempting to serve Defendant DeGroote, the U.S. Marshal Service reported on the Process Receipt and Return Form that the "[o]ffice in Pueblo is closed. Residence in Pueblo is empty. Not a BOP Employee. Unable to locate." (Doc. # 37.) Although personal service cannot be accomplished at a Post Office Box address, *see id.*, it appears that the U.S. Marshal took further steps in attempting to locate Defendant DeGroote, including visiting his residence.

In his Motion to Direct Service, Plaintiff argues that with today's "technology" there should not "be any problem locating defendant Degroote . . . ." However, based on the information before the Court, it is clear that Defendant DeGroote cannot be

served at the addressed provided by Plaintiff. The Court need not require the U.S. Marshal or the Clerk of the Court to search for Defendant DeGroote further. *See Hill*, 2008 WL 2020289, at \*6. The 120-day period Plaintiff had to serve Defendant DeGroote has long since passed, and Plaintiff has given no other explanation for his failure to comply with this procedural requirement. Therefore, the Court finds that Plaintiff did not demonstrate good cause for the failure to serve Defendant DeGroote.

Having found good cause does not exist with respect to Plaintiff's failure to serve Defendant DeGroote, the Court considers whether a permissive extension of time is warranted. *See Espinoza,* 52 F.3d at 841. Plaintiff attempted to serve Defendant DeGroote initially. *See Flowers v. American Nat. Ins. Co.*, No. CIV-08-1322, 2009 WL 3518063, at \*2 (W.D. Okla., Oct. 22, 2009) (plaintiff was given extension of time because he had attempted service, albeit deficiently). However, Plaintiff never attempted service on Defendant DeGroote after the Summons was returned unexecuted on April 26, 2010. (Doc. # 37.) Given his failure to attempt service during the nine months between the return of the unexecuted Summons and the filing of the Motion to Direct Service, the Court will not now grant Plaintiff a permissive extension to serve Defendant DeGroote.

The U.S. Marshal Service also did not serve Defendant Greenwood. On the Process Receipt and Return Form, the U.S. Marshal reported, "Forward to FL. Currently working at FCC Coleman in FL." (Doc. # 38.) But service was never actually forwarded to Florida, although the U.S. Marshal had learned where Defendant

Greenwood was located. Unlike with Defendant DeGroote, Plaintiff supplied sufficient information for the U.S. Marshal to serve Defendant Greenwood and it is through no fault of his own that Defendant Greenwood was not served. *Cf. Hill*, 2008 WL 2020289, at *6 (finding that "there is no indication . . . that the U.S. Marshal or Clerk of the Court have failed to perform their duties . . . "). Plaintiff has therefore shown "good cause," and he will be given an extended period of time to properly serve Defendant Greenwood. The Court will order the U.S. Marshal to serve Defendant Greenwood.

**B.    DEFENDANTS' MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT**

The Magistrate Judge's Recommendation advised the parties that specific written objections were due within fourteen (14) days after being served with a copy of the Recommendation. (Doc. # 78 at 12.) Plaintiff has not filed any objections to the Recommendation.[2] (Doc. # 79.) "In the absence of timely objection, the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings").

---

[2] Plaintiff filed a Motion for Appointment of Counsel to File Appropriate Objections. (Doc. # 81.) That Motion was denied by the Magistrate Judge. (Doc. # 83.) Plaintiff never actually filed Objections.

The Court has reviewed all the relevant pleadings, including the Complaint, the Motion to Dismiss, the Motion for Summary Judgment, and the Report and Recommendation. Based on this review, the Court concludes that the Magistrate Judge's thorough and comprehensive analyses and recommendations regarding the Motion to Dismiss and the Motion for Summary Judgment are correct and that "there is no clear error on the face of the record." Fed. R. Civ. P. 72 advisory committee's note. Therefore, the Court ADOPTS the Recommendation of the United States Magistrate Judge as the findings and conclusions of this Court.

Accordingly, IT IS ORDERED that the Recommendation of the United States Magistrate Judge (Doc. # 78), filed January 3, 2010, is ACCEPTED, and, for the reasons cited therein:

1. Defendants' Motion to Dismiss filed on August 2, 2010, (Doc. # 67) for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), is GRANTED. Plaintiff's claims, as they pertain to Defendants Freeborn, Boyle, Merritt, Young, Everhart, and Kizziah, are therefore DISMISSED WITHOUT PREJUDICE;

2. Defendants' Motion for Summary Judgment, filed on August 16, 2010, (Doc. # 71), is GRANTED. Plaintiff's claims, as they pertain to Defendants Cink and Reichert are DISMISSED WITH PREJUDICE;

3. Plaintiff has not shown good cause for his failure to serve Defendant DeGroote. His claims, as they pertain to Defendant DeGroote, are DISMISSED WITHOUT PREJUDICE. However, Plaintiff has demonstrated the requisite good

cause for the failure to serve Defendant Greenwood.  Plaintiff's Motion to Direct Service is, therefore, GRANTED.  The U.S. Marshal is ORDERED to serve Defendant Greenwood.

DATED:  February __16__, 2011.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge