IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 09-cv-02729-CMA-MJW

TIMOTHY HATTEN,

    Plaintiff,

v.

ISAAC FREEBORN,
MARNE BOYLE,
A. MERRITT,
B. GREENWOOD,
J.P. YOUNG,
RUSSELL DeGROOTE,
DR. JOHN DOE,
B. CINK,
E. REICHERT,
KEN EVERHART, and
GREGORY KIZZIAH,

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

This matter is before the Court on Plaintiff's "Motion for Reconsideration Pursuant to Fed. R. Civ. P. 4(m)," filed on March 08, 2011. (Doc. # 93.) For the reasons stated below, the Motion to Reconsider will be denied.

On February 16, 2011, the Court granted in part and denied in part Plaintiff's Motion for the Court to Direct Service of Complaint on Defendants DeGroote and Greenwood. (Doc. # 90.) In that Order, the Court found that Plaintiff did not meet his burden of showing good cause under Fed. R. Civ. P. 4(m) for his failure to serve Defendant DeGroote. Plaintiff's instant motion requests that the Court reconsider its dismissal of the claim against Defendant Degroote.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. See Fed. R. Civ. P. 59(e). The Court will consider Plaintiff's Motion to Reconsider pursuant to Rule 59(e) because it was filed within twenty-eight days after the Judgment was entered in this action on February 16, 2010.

The three major grounds that justify reconsideration are (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

In the Motion to Reconsider, Plaintiff claims that he did not receive notice of the unexecuted summons against Defendant DeGroote. (Doc. # 93.) However, notice of the unexecuted summons was mailed to Plaintiff and was not returned as undelivered. (Doc. # 37.) The Court, thus, finds and concludes that Plaintiff has failed to demonstrate any change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice. Furthermore, the Court's dismissal of the claims against Defendant DeGroote was without prejudice. There is no reason for

the Court to reconsider and vacate the order dismissing this action against Defendant DeGroote.  Therefore, the Motion will be denied.

Accordingly, IT IS ORDERED THAT the Motion to Reconsider (Doc. # 93) filed on March 8, 2011 is DENIED.

DATED:  March 11, 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge