IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02729-WJM-MJW

TIMOTHY HATTEN,

Plaintiff,

v.

B. GREENWOOD,
DR. JOHN DOE,

Defendants.

**MINUTE ORDER**

**Entered by Magistrate Judge Michael J. Watanabe**

It is hereby **ORDERED** that the Plaintiff's Petition for Recusal of the Magistrate Judge Michael J. Watanabe Pursuant to 28 U.S.C. § 636(c) **(Docket No. 97)** is **denied**.
A judge or magistrate judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The goal of this provision is to avoid even the appearance of partiality. See Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 860 (1988). Pursuant to § 455(a), a court is not required to accept all factual allegations as true, "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." Glass v. Pfeffer, 849 F.2d 1261, 1268 (10th Cir. 1988) (internal quotations omitted). The standard is wholly objective, and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. See United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993).

Subsection (b) of § 455 sets forth more particularized situations in which a judge must disqualify himself, see Liljeberg, 486 U.S. at 871, none of which applies to the instant action. A litigant's disagreement with judicial rulings is insufficient to demonstrate that disqualification is appropriate pursuant to § 455(a) or (b). See Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). Here, plaintiff has made no showing that reasonably questions Magistrate Judge Watanabe's impartiality. Plaintiff merely disagrees with this court's rulings and handling of this case. Accordingly, his motion for recusal is denied.

Date: March 16, 2011