IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 09-cv-02729-CMA-MJW

TIMOTHY HATTEN,

      Plaintiff,
v.

ISAAC FREEBORN,
MARNE BOYLE,
A. MERRITT,
B. GREENWOOD,
J.P. YOUNG,
RUSSELL DeGROOTE,
DR. JOHN DOE,
B. CINK,
E. REICHERT,
KEN EVERHART, and
GREGORY KIZZIAH,

      Defendants.
_____

**ORDER DISMISSING CLAIMS AGAINST DEFENDANT GREENWOOD
FOR FAILURE TO SERVE**
_____

This matter is before the Court on Plaintiff's Response ("Response") to this Court's Order requiring Plaintiff to show cause in writing why this case should not be dismissed pursuant to Fed. R. Civ. P. 4(m) as against the sole remaining Defendant.

Plaintiff filed a Second Amended Complaint on February 18, 2010.  (Doc. # 13.) Defendant Greenwood was not served with that complaint.  (Doc. # 37.)  On February 16, 2011, the Court found that Plaintiff had shown good cause for his failure to serve Defendant Greenwood because the United States Marshal had been informed that Defendant Greenwood could be located at the Federal Bureau of Prisons in Coleman,

Florida ("FOB Coleman") but had not attempted to serve Defendant Greenwood there. The Court, thus, ordered the U.S. Marshal to serve Defendant Greenwood at FOB Coleman. (Doc. # 90.) That attempt was also unsuccessful. The U.S. Marshal Service reported on the Process Receipt and Return form that "FCC Coleman does not have (or had) a staff member by the name of B. Greenwood." (Doc. # 99.) Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Tenth Circuit has provided guidance on how to proceed under the rule. First, the court should determine "whether the plaintiff has shown good cause for the failure to timely effect service." *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). If so, the Court must grant an extension of time. If good cause is not shown, the Court "must still consider whether a permissive extension of time may be warranted." *Id.*

Inmates like Plaintiff, who are proceeding *in forma pauperis*, are entitled to rely on the Clerk of the Court and/or the U.S. Marshal for service of the summons and the complaint. *See Hill v. Ortiz*, No. 07-cv-00571, 2008 WL 2020289, at *6 (D. Colo. May 9, 2008). However, based on the information before the Court, it is clear that Defendant Greenwood cannot be served at the address provided by Plaintiff. The Court need not send the U.S. Marshal or the Clerk of the Court on a wild goose chase in search of the

elusive Defendant Greenwood. *See Hill*, 2008 WL 2020289, at *6. In his Response, Plaintiff provides no explanation for his failure to comply with this procedural requirement; rather, he charges that Magistrate Judge Watanabe provided a "fathom [sic] address" for Defendant Greenwood.[1] This, of course, ignores the fact that Plaintiff was the party that provided the incorrect address for Defendant Greenwood. (Doc. # 13.) Therefore, the Court finds that Plaintiff did not demonstrate good cause for the failure to serve Defendant Greenwood.

Having found good cause does not exist with respect to Plaintiff's failure to serve Defendant Greenwood, the Court considers whether a permissive extension of time is warranted. *See Espinoza*, 52 F.3d at 841. In his Response, Plaintiff states that he has located Defendant Greenwood. He has supplied the address of a Beatrice Greenwood, who allegedly resides in Arkansas. However, Plaintiff does not provide any information regarding whether the Beatrice Greenwood at the address provided by Plaintiff is the same person as Defendant B. Greenwood. This is the first time that the initial "B" has been identified as standing for the name "Beatrice" (Defendant has previously been referred to as "B. Greenwood"). In his Amended Complaint, Plaintiff identified Defendant Greenwood as the Health Service Administrator with the BOP in Florence, Colorado. The Court has checked with the BOP in Florence and they have never employed a Beatrice Greenwood. Thus, it appears that "Beatrice Greenwood" is not the same person as Defendant "B. Greenwood." There is no indication that providing

---

[1] Plaintiff also reiterates a previous suggestion that the Court issue an order immediately releasing him from prison so that he can serve Defendant. The Court declines this invitation.

Plaintiff with another attempt on service will lead to a different result. In addition, this Court adopted Magistrate Judge Michael J. Watanabe's recommendation that the Motion for Summary Judgment for Defendants Cink and Reichert be granted. (Doc. # 90.) Upon review of Plaintiff's Amended Complaint, the Court notes that the allegations against Defendant Greenwood are substantially the same as against Defendants Cink and Reichert. Given the absence of good cause for the failure to serve Defendant Greenwood, and the apparent lack of a meritorious claim against Defendant Greenwood, this Court will not now grant Plaintiff a permissive extension to serve Defendant Greenwood.

Accordingly, Plaintiff has not shown good cause for his failure to serve Defendant Greenwood. Plaintiff's claims, as they pertain to Defendant Greenwood, are DISMISSED WITHOUT PREJUDICE. The Court also notes that Defendant Greenwood was the last remaining Defendant in this case and, thus, this case is DISMISSED. Plaintiff's Objection (Doc. # 77) to the Magistrate Judge's denial of Plaintiff's Motion for Reconsideration of Motion for Appointment of Counsel is DENIED AS MOOT.

DATED: April  28 , 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge